IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-123-WW

| | |
|---|---|
| ACCESS FOR THE DISABLED, INC., a Florida not for profit corporation, and DENISE PAYNE, Individually, )<br><br>Plaintiffs, )<br><br>v. )<br><br>KARAN KRISHNA, LLC., A North Carolina Domestic Company )<br><br>Defendant. ) | **ORDER** |

This cause comes before the undersigned upon Defendant's motion to dismiss (DE-30). Plaintiffs have responded to this motion (DE-38), and the time to file a reply has expired. Accordingly, this matter is now ripe for adjudication. For the following reasons, Defendant's motion to dismiss (DE-30) is GRANTED.

**I. Background**

Plaintiffs filed this Complaint on March 26, 2010 (DE-1). In this action Plaintiffs seek injunctive relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* The ADA prohibits discrimination by covered entities against qualified individuals with a disability. A disability is defined as: "A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Plaintiff Denise Payne is a qualified individual with a disability within the meaning of the ADA. Specifically, she suffers from cerebral palsy and

1

cannot walk (DE-38, pg. 1). She must use an electric wheelchair to maneuver and has very limited use of her hands. *Id.*

On September 10, 2009, Plaintiff Denise Payne stayed at Defendant's place of public accommodation, a Super 8 hotel located in Raleigh, North Carolina. *Id.* at 2. Defendant owns, leases, leases to, or operates a place of public accommodation and is therefore responsible for complying with the obligations of the ADA. (DE-1, pg. 3). *See also*, 42 U.S.C. § 12182 ("[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, ... or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation"). While staying at the Super 8 hotel, Ms. Payne contends that she encountered barriers which discriminated against her on the basis of her disability (DE-1, pg. 4-5). These barriers related to: 1) parking; 2) entrance access and path of travel; and 3) the accessibility of the guest rooms. *Id*. For example, Ms. Payne alleges that she had difficulty in the disabled parking spaces as they did not have a clear and level access aisle (DE-38, pg. 2). Additionally, the parking spaces were not located close to the entrance, forcing her to travel across lanes of traffic. *Id*. The hotel room did not have a roll-in shower, and there was no grab bar behind the toilet. *Id*. Ms. Payne also alleges that there were fixtures that she could not grasp and elements in the room that were out of her reach. Finally, Plaintiffs assert that there were exposed pipes under the sink which could have burned Ms. Payne's legs. *Id*.

Ms. Payne is a resident of Florida (DE-1, pg. 2). Defendant's property is located more than 700 miles away (DE-32, pg. 3). Other than expressing a vague desire "to visit Super 8 North not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full

2

and equal enjoyment of the property without fear of discrimination," Ms. Payne does not claim any specific intention or plan to return to the property (DE-1, pg. 3-4). Although Ms. Payne alleges various violations of the ADA, she states an inspection of the property is required to fully ascertain the noncompliant areas. *Id.* at 4-5.

## II. Analysis

Defendant brings the instant motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. Evans v. B.F. Perkins Co., 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is

3

plausible on its face." Twombly, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability" fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1947-1951 (quotations omitted).

In its motion to dismiss, Defendant contends that Plaintiffs lack standing to seek injunctive relief. Standing is the determination of whether a particular individual is the proper party to assert a claim in federal court; it "is founded in concern about the proper-and properly limited role-of the courts in a democratic society." Warth v. Seldin, 422 U.S. 490, 498. The standing doctrine curtails the types of disputes that an Article III court can decide; it does so by requiring courts to hew to their express constitutional mandate of resolving "cases" and "controversies." *See Id.;* U.S. Const. art. III, § 2, cl. 1. The standing question is one that asks "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth, 422 U.S. at 498. In order to satisfy Article III standing requirements, Plaintiffs must demonstrate 1) that they have suffered an "injury in fact" that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; 2) a causal connection between the injury and the conduct complained of, as the injury has to be fairly traceable to the challenged action of defendant; and 3) it is likely,

4

as opposed to merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Standing is evaluated at the time plaintiff's complaint is filed, and as the party invoking federal jurisdiction, it is the plaintiff's burden to establish the elements of standing. *Id.* Defendant argues that Plaintiffs have not alleged sufficient facts to demonstrate that Ms. Payne has suffered an injury in fact.

Plaintiffs' response to this argument is largely unhelpful because it contains virtually no citations to cases that are binding in the Fourth Circuit. Indeed, Defendant argues that Harty v. Luihn Four, Inc. is controlling. *See* Harty v. Luihn Four, Inc., 2010 WL 4026092 (E.D.N.C. October 13, 2010). Harty is a case that was recently decided in this district. Nonetheless, Plaintiffs do not attempt to distinguish Harty in any meaningful way, instead devoting the vast majority of their memorandum in opposition to discussing cases from other jurisdictions.

Regardless, the plaintiff in Harty was a Florida resident who visited a Kentucky Fried Chicken ("KFC") in Raleigh. *Id.* at * 1. The KFC was more than 775 miles from the plaintiff's residence. *Id.* The Harty plaintiff alleged that he "encountered architectural barriers" in violation of the ADA during a visit to the KFC. *Id.* It was noted that plaintiff did "not set forth any definite plans to visit the Property in the future, except to say that he desires to visit KFC not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination." *Id.* (internal quotations omitted). As in the present case: 1) there was no allegation that plaintiff had visited those premises on any previous occasion; and 2) plaintiff admitted he required an inspection of the location in order to determine the scope of the KFC's non-compliance with the ADA. *Id.* On this record, the Harty court determined that the ADA claims should be dismissed because plaintiff

5

lacked standing. Specifically, the court held that plaintiff had failed to meet requirements of Lujan because no injury in fact had been pleaded. The court noted that an injury in fact requires more than a simple allegation of defendant's prior wrongful act. *Id.* at * 3 (*citing*, City of Los Angeles v. Lyons, 461 U.S. 95 (1983). Applying that principle to the ADA, the Harty court stated that claims for injunctive relief should be denied on standing grounds when the likelihood of future harm was *de minimis*. *Id.*

Ultimately, the Harty court determined:

> Here, Harty lacks standing . . . [because] he has failed to demonstrate a substantial likelihood that he will be injured in the future by Luihn Four. Harty lives in Broward County, Florida. His residence is over seven-hundred miles from Luihn Four's KFC restaurant. Nothing indicates that Harty has ever visited the Property other than on the one occasion in January, 2010. The complaint is devoid of definitive plans to return to the Property in the future. Harty's claims that he desires to visit the Property are merely "some day" intentions, and, "without any description of concrete plans, or indeed even any speculation of when the some day will be-[such allegations] do not support a finding of actual or imminent injury." Lujan, 504 U.S. at 564, 112 S.Ct. 2130. The Court does not question the sincerity of Harty's vague desires to revisit the Property. However, where, as here, the objective facts and allegations presented in the complaint fail to establish Harty's substantial likelihood of future injury, even his most earnest of desires cannot overcome the constitutional defect in his case.

> *Id.*

Plaintiffs argue that this reasoning: 1) is inconsistent with the commerce clause; and 2) discriminates against the rights of disabled persons to interstate travel (DE-38, pg. 13-22). The Harty court amply addressed each of these objections.

First, the Harty court stated:

> Plaintiff contends that the test for Article III standing for injunctive relief-as applied in ADA cases like his-violates the Commerce Clause. This argument is without merit and contravenes settled constitutional law. The Constitution delegates to Congress the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes."

6

> U.S. Const. art. I, § 8, cl. 3. However broad this Commerce power may be, it is clear that Congress cannot use its Commerce power to abridge the constitutionally required elements of Article III. *See, e.g.,* Warth, 422 U.S. at 500, 95 S.Ct. 2197. . . .
>
> Harty has failed to establish the "injury in fact" requirement of Article III . . . no Congressional mandate can cure this constitutional defect.
>
> *Id.* at  * 4

With regard to the right to travel, the Harty court observed that:

> Plaintiff's argument here fails for the same reason that his other arguments fail: he has failed to show a concrete or particularized injury that infringes on his constitutional right to travel. Until he can show that there is a substantial likelihood that his right to travel will be infringed in the future, he lacks standing to assert a claim.
>
> *Id.*

The undersigned finds the reasoning in Harty to be sound and applicable to the instant matter. Ms. Payne has failed to demonstrate a substantial likelihood that she will be injured in the future by Defendant. Specifically, Ms. Payne lives more than 700 miles away from Defendant's property and has only visited Defendant's property on one occasion. Likewise, Plaintiffs' Complaint does not allege that Ms. Payne has definitive plans to return to Defendant's property. Based on these facts, the undersigned finds that Plaintiffs lack standing to bring this claim and that their Complaint must be dismissed.

**III. Conclusion**

For the aforementioned reasons, Defendant's motion to dismiss (DE-30) is GRANTED and Plaintiffs' claims are DISMISSED in their entirety. Based on this ruling, Plaintiffs' pending motion for summary judgment (DE-34) is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Tuesday, March 08, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE